IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J. OGO, et al.

        Plaintiffs,                No. CIV S-10-0513 CKD P

    vs.

D.K. SISTO, et al.                  <u>ORDER AND</u>

        Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

Plaintiffs are state prisoners proceeding through counsel in an action under 42 U.S.C. § 1983.  On June 24, 2010, the court found this case to be related to two other cases within the meaning of Local Rule 123(a) and ordered that all three cases be designated "related" and assigned to same magistrate judge.  <u>See</u> Docket No. 4.  The other two cases are <u>Hassel v. Sisto</u>, Case No. CIV S-10-0191 GEB CKD P, and <u>Blasingame v. Sisto</u>, Case No. CIV S-10-0514 CKD.

I.    <u>Allegations</u>

The legal and factual allegations of the operative complaints in all three related cases are the same.  In fact, the three operative complaints repeat each other almost verbatim. Each of the following allegations appears in the first amended complaints of all three cases, so the court refers to those allegations – that is, the allegations that appear in <u>Hassel</u>, <u>Ogo</u>, and <u>Blasingame</u> – collectively.  However, in the interest of clarity, the court cites only to the first

1

amended complaint filed in this action.

The plaintiffs allege that they were exposed to and contracted tuberculosis (TB) while they were incarcerated at California State Prison-Solano (CSP-Solano).  At the time they contracted TB, D.K. Sisto was the warden at CSP-Solano, and Alvaro Traquina was the Chief Medical Officer (CMO).  Sisto and Traquina are the only defendants named in the amended complaints.

In all three cases, the plaintiffs allege they contracted TB as a result of defendants' deliberate indifference to the fact that other inmates in the general population at CSP-Solano were contagious carriers of active TB.  However, none of the plaintiffs have contracted active TB.  Rather, they all have latent TB, which apparently is not contagious.  First Am. Compl. ¶ 14. The amended complaints explain that latent TB "occurs when the infected individual's immune system is strong enough, so that it prevents... the more aggressive active form." Id. at ¶ 6.  Still, the possibility that the TB mycobacteria could become active through subsequent exposure to TB or weakening of the immune system "require[s] treatment with anti-tuberculosis medications similar to the treatment of the active form." Id.  Individuals with latent TB require medical monitoring for the rest of their lives.  Id.

Plaintiffs allege that after they were diagnosed with latent TB, "they were required to take dangerous anti-TB medications for many months and experienced side effects from these medications.  They will also require medical monitoring for the rest of their lives, because they are at risk of developing active TB, especially if their immune systems become compromised by other disease states...." Id. at ¶ 14.  Plaintiffs seek "general damages," "special damages" that include the cost of future medical monitoring following release from prison, punitive damages, attorneys' fees and costs. Id., p. 19.

////

////

////

2

1        II.    Procedural background

2        The court screened the original complaints in this case and <u>Blasingame v. Sisto</u>,

3    pursuant to 28 U.S.C. § 1915A, on October 15, 2010.[1]  <u>See</u> Docket No. 5.  Then, on November

4    17, 2010, the court heard oral argument on the motion to dismiss that defendants brought in the

5    first-filed case, <u>Hassel v. Sisto</u>.  The court granted the motion to dismiss with leave to amend.

6    <u>See</u> <u>Hassel v. Sisto</u>, Case No. CIV S-10-0191 GEB CKD P, Docket No. 25.  Two days later, on

7    November 19, the court entered identical orders in this case and <u>Blasingame</u>, finding that "in

8    light of" the order of dismissal in <u>Hassel</u> and the "nearly identical allegations against defendants

9    Sisto and Traquina" in all three cases, the screening orders in <u>Ogo</u> and <u>Blasingame</u> were vacated

10   and the original complaints in both cases dismissed with leave to amend.  Order at 1-2 (Docket

11   No. 7).  The court gave plaintiffs in all three cases – who were, to repeat, represented by the same

12   lawyers – until December 1, 2010, to file first amended complaints.  <u>Id.</u> at 2.  The court clarified

13   that those amended complaints would again be subject to the screening analysis required under

14   28 U.S.C. § 1915A.  <u>Id.</u>

15       Plaintiffs complied with the December 1 deadline in all three cases.  Before any of

16   the amended complaints were screened, however, the defendants in <u>Hassel</u> filed another motion

17   to dismiss, arguing, among other things, that the plaintiffs lacked standing and had alleged unripe

18   claims, thus depriving the court of subject matter jurisdiction.  The court heard oral argument on

19   the <u>Hassel</u> motion to dismiss and, on July 21, 2011, issued findings and recommendations that

20   the first amended complaint be dismissed for lack of jurisdiction and the case closed.  <u>See</u>

21   <u>Hassel</u>, Findings and Recommendations (Docket No. 34).

22   ////

23   ////

24   _____

25   [1] The <u>Hassel</u> complaint was filed about six weeks before the <u>Ogo</u> and <u>Blasingame</u> complaints.  By the time the latter two cases were screened, <u>Hassel</u> had already proceeded to a status conference before the magistrate judge who was at the time assigned to the three related

26   cases.

3

1      The <u>Hassel</u> plaintiffs had twenty-one days in which to object to the findings and

2   recommendations, but they did not do so.  The district judge assigned to <u>Hassel</u> adopted the

3   findings and recommendations in full on August 19, 2011, and entered judgment in favor of the

4   <u>Hassel</u> defendants.  <u>See id.</u> at Docket Nos. 36, 37.   In the meantime, the court had refrained from

5   screening the first amended complaints in this case or <u>Blasingame</u>, anticipating that the decision

6   on the motion to dismiss in <u>Hassell</u> could be determinative of whether the first amended

7   complaints in <u>Ogo</u> and <u>Balsingame</u> would survive a screening analysis.  As discussed below, it

8   is.

9      III.   <u>Analysis</u>

10      The court is required to screen complaints brought by prisoners seeking relief

11   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

12   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

13   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

15   U.S.C. § 1915A(b)(1),(2).

16      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

18   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19   indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

20   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21   pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

22   Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

23      When considering whether a complaint states a claim upon which relief can be

24   granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200

25   (2007), and construe the complaint in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer v.</u>

26   <u>Rhodes</u>, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

4

1    those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

2    dismissal for failure to state a claim, a pro se complaint must contain more than "naked

3    assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

4    action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

5    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

6    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

7    claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

8    570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

9    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

10   Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

11   for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

12   Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

13              As was true with the original complaints, the first amended complaint in this case

14   and the first amended complaint that was dismissed in Hassel are virtually identical.  In Hassel,

15   the court concluded with a summary of its reasons for finding it lacked jurisdiction:

16              Plaintiffs' allegations of past and future physical injury comprise
             the full extent of their case under the Eighth Amendment and 42
17              U.S.C. § 1983.  They seek redress only for physical suffering, yet
             they have failed to describe any specific physical harm from the
18              medication and treatment they received for latent TB.  The
             possibility that plaintiffs may experience a more virulent
19              recurrence of TB in the future or require medical monitoring or
             treatment once outside of prison is too speculative to adjudicate
20              now in federal court.  Therefore, plaintiffs do not have standing to
             bring claims of past harm, and any claim for future harm is unripe.
21              Defendants are correct that plaintiffs do not present a case or
             controversy justiciable under Article III.
22

23   Hassel, Findings and Recommendations at 8 (Docket No. 34).  No factual or legal allegation in

24   the first amended complaint distinguishes this case from Hassel.  Therefore, the critical analysis

25   and determination that the court lacked subject matter jurisdiction in Hassel applies with equal

26   force here.  Plaintiffs have failed to describe any actual, physical suffering from the medication

1  and treatment they have already received for latent TB.  Moreover, any claim for future suffering

2  or costs of medical care are too speculative to adjudicate now in federal court.  As in Hassel,

3  these plaintiffs have no standing to bring claims of past harm, and their claims for future harm

4  are unripe.

5          "[F]ederal courts are required sua sponte to examine jurisdictional issues such as

6  standing [and ripeness]."  B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.

7  1999).  The court's duty to question its own jurisdiction obtains no less in a screening analysis

8  under 28 U.S.C. § 1915A, and the lack of jurisdiction here, in light of the court's ruling in

9  Hassel, is apparent.  The first amended complaint should be dismissed without prejudice, for lack

10 of subject matter jurisdiction, and this case closed.  See Fleck and Associates, Inc. v. City of

11 Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of subject matter

12 jurisdiction must be without prejudice).

13          Accordingly, IT IS HEREBY ORDERED that, pursuant to Local Rule 123(a)(3),

14 the Clerk of Court assign this case to the district judge assigned to the first-filed related case,

15 Hassel v. Sisto, Case No. CIV S-10-0191 GEB CKD P.

16          IT IS RECOMMENDED THAT:

17          1.   The first amended complaint be dismissed without prejudice for lack of

18 subject matter jurisdiction.

19          2.   This case be closed.

20          These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

22 one days after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties.  Such a document should be captioned

24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25 shall be served and filed within fourteen days after service of the objections.  The parties are

26 ////

1    advised that failure to file objections within the specified time may waive the right to appeal the

2    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3     Dated: September 14, 2011

4                                                    _____
                                                     CAROLYN K. DELANEY
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7
     3
8    ogo0513.57

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26